UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING     **23-CV-188**
TRADES WELFARE BENEFIT FUND and
ELECTRICIAN'S RETIREMENT FUND,
                                          **COMPLAINT**

                  Plaintiffs,

       -against-

UNIFIED ELECTRIC and KENNETH D'ANNA,
Individually, and KENNETH D'ANNA d/b/a
UNIFIED ELECTRIC,

                  Defendants.
------------------------------------------------------------------------x

      Plaintiffs, Trustees of Building Trades Educational Benefit Fund, The Building Trades Annuity Benefit Fund, the Building Trades Welfare Benefit Fund, and the Electrician's Retirement Fund, (hereinafter referred to as "Funds"), by their attorneys Barnes, Iaccarino, & Shepherd, LLP allege as follows:

## JURISDICTION AND VENUE

1. This action is based on the provisions of Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

2. Jurisdiction is conferred upon this court by Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f) and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)) and 28 U.S.C. Section 1391(b).

1

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Plaintiffs.

## PARTIES

5. The Plaintiffs Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds a defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3). The Funds are established and maintained by the Union and various Employers pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures. The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Section 1002 3(1), 3(2), and 3(3) and 1132(d)(1) and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "administrator" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") The Funds are authorized to collect contributions which include, but is not limited to, payments for annuity, educational benefits, hospitalization, and medical care on behalf of the employees of the Employer, and the Plaintiffs Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern the protection of employee benefit rights.

7. The Plaintiffs Funds' principal office is located and administered at 585 Stewart Ave., Suite 330, Garden City, NY 11530, in the County of Nassau.

8. Upon information and belief, the Defendant, Unified Electric. (hereinafter referred to as "Unified" or "the Employer" or "Defendant") at all relevant times, was and is an "Employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145).

9. Upon information and belief, that Unified is a domestic corporation doing business in the State of New York with its principal place of business located at 147 Front Street, Brooklyn, NY 11201.

10. Upon information and belief, the Defendant, Kenneth D' Anna (hereinafter D' Anna) is/or was an officer, agent, partner and/or principal owner of the Unified, and is personally and individually obligated to assume all obligations of Unified.

11. Upon information and belief, D'Anna resides at 38 Shore Acres Rd, Staten Island, NY 10305.

**CAUSES FOR RELIEF**
**AS AND FOR A FIRST CLAIM OF RELIEF**

12. At all relevant times, the Employer has been a party to a C.B.A. with the "United Electrical Workers of America IUJAT, Local 363 ("Union") by virtue of membership in the Building Industry Electrical Contractors Association ("Association") and through agreements made in connection with the Association ("Agreements").

13. The C.B.A., Trust Indenture Agreement, Agreement, Collection Policy requires the Employer to submit contributions reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions

in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture and Collection Policy.

14. Pursuant to the Collective Bargaining Agreement the Employer is required to permit and cooperate with the Funds and/or their designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining the amount of fringe benefit contributions due the Funds and verifying the accuracy of the Employer contribution reports.

15. Unified has failed and refused to allow an audit by the Funds for the period of January 1, 2021, to date.

16. Upon information and belief, the fringe benefit contributions are contractually due to the Funds and have not been paid by the Employer. The Funds have been damaged in an amount to be determined after completion of an audit of the books and records of the Employer.

17. Pursuant to the C.B.A., the Policy For Collection Of Delinquent Contributions, and trust documents upon the Employer's failure to pay contributions as they become due, the Employer is obligated to the pay the following: the additional amount of twenty (20%) percent of the total sum of contributions due as liquidated damages; interest on the unpaid contributions for the delinquency period; audit fees, and attorneys' fees at the hourly rate charged to the Fund for such services and all costs incurred in initiating the court action for collection of delinquent contributions.

18. Accordingly, the Employer must permit and cooperate in the conduct of an audit by the Plaintiffs and is liable to Plaintiffs for contribution reports, fringe benefit contributions plus liquidated damages, interest, audit fees and attorneys' fees in an amount to be determined by the audit.

## **AS AND FOR A SECOND CLAIM FOR RELIEF**

19. Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "20" of this Complaint as if fully set forth at length herein.

20. In accordance with ERISA Section 209, 29 U.S.C. 1059, the Employer is responsible for maintaining the books and records sufficient to allow the Funds to conduct an audit and its failure to do so constitutes a violation of ERISA.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Collective Bargaining Agreements and Trust Indentures.

22. An Employer who has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution reports owed as a result of work performed by individual employees of the Employer constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to permit an audit has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the C.B.A and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 209, 502 and 515 of ERISA (29 U.S.C. Sections 1059, 1132 and 1145) due to the failure to permit an audit and pay the contributions that are due and owing.

26. Accordingly, the Employer must permit and cooperate in the conduct of an audit and is liable to the Funds in an amount to be determined by the audit which shall include liquidated damages, interest and reasonable audit fees and attorneys' fees pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR THE THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "26" of this complaint as if set forth at length therein.

28. The financial integrity of the Plaintiffs' Funds and the allocation of proper eligibility and credit to the members are determined and are based upon prompt and accurate remittance of reports and fringe benefit contributions from the Employer.

29. Plaintiffs' Funds have no adequate remedy at law to ensure that Unified will adhere to their continuing statutory and contractual obligations.

30. The failure of Unified to promptly remit payment will cause Plaintiffs immediate and irreparable injury unless Unified and its officers, agents and servants are enjoined from failing, refusing or neglecting to submit the required current monetary contributions and reports to Plaintiffs.

31. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining Unified from any further or future violations of this or subsequent collective bargaining

agreements with plaintiff Union, as such agreements apply to the obligations of Unified to Plaintiffs herein.

## AS AND FOR AN FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT KENNETH D' ANNA, INDIVIDUALLY

32. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in Paragraphs "1" through "31" of this Complaint as if set forth at length herein.

33. ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" 29 U.S.C. Section 1104 (a)(1)(A).

34. ERISA Section 404(a) also provides that fiduciaries must discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with federal law, 29 U.S.C. Section 1104(a)(1)(D).

35. Upon information and belief, as a result of the work performed by Unified, under the Agreements, Unified received substantial sums of money related to the work performed, which intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

36. By exercising control over assets belonging to the Funds, D' Anna is a fiduciary with respect to the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. Section 1002(21)(A) and is a fiduciary with respect to the plan assets that he failed to timely pay into the Funds.

37. Upon information and belief, D' Anna owned, controlled and dominated the affairs of Unified and carried on the business of Unified for his own personal ends.

38. Upon information and belief, D' Anna had managerial discretion and control over Unified and made all decisions on behalf of Unified; signed contracts governing Unified; signed checks for Unified and made all decisions concerning payments by Unified and compliance with audits.

39. Upon information and belief, D' Anna, determined which creditors Unified would pay; determined when the Plaintiffs' Funds would be paid; determined how much money would be paid to the Plaintiffs' Funds and exercised control over money due and owing to the Plaintiffs' Funds.

40. By not permitting an audit and to the extent contributions have not been properly remitted to the Funds, D' Anna is individually and personally liable for the violations of ERISA Section 404 described herein, 29 U.S.C. Section 1104.

41. To the extent contributions have not been properly remitted to the Funds, D' Anna would be in violation of ERISA Section 404(a)(1)(A), 29 U.S.C. Section 1104(a)(1)(A) for retaining monies that were rightful assets of the Funds.

42. To the extent contributions have not been properly remitted to the Funds, D' Anna would be in violation of ERISA Section 404(a)(1)(D), 29 U.S.C. Section 1104(a)(1)(D).

43. As a result of the breaches of fiduciary duty described above, D' Anna is liable to the Funds for noncompliance with the audit and for any contributions found to be owed as a result of the audit plus interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

### AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT KENNETH D' ANNA, INDIVIDUALLY

44. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "43" of this Complaint as if fully set forth at length herein.

45. The Defendant, D'Anna d/b/a Unified Electric (hereinafter "D'Anna Unified") executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union.

46. The C.B.A. and/or Trust Indenture requires D'Anna Unified to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the C.B.A. for all work performed by its employees covered by the C.B.A. and to remit such monetary contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indenture.

47. D'Anna as owner and/or agent of an unincorporated business Unified Electric is personally bound by the terms of the C.B.A. and Trust Indentures of the Plaintiff.

48. Upon information and belief, as a result of work performed by the individual employees of Unified Electric, pursuant to the C.B.A., there became due and owing to the Funds from the Employer contribution reports and fringe benefit contributions.

49. D' Anna failed and refused to comply with an audit in accordance with the CBA, Collection Policy and Trust Indentures.

50. By not permitting an audit and to the extent contributions have not been properly remitted to the Funds, D' Anna is individually and personally liable for the contributions owed.

51. To the extent Unified Electric is unincorporated, D' Anna is liable to the Funds for noncompliance with the audit and for any contributions found to be owed as a result of the audit plus interest, liquidated damages, attorney fee, audit fees, the costs and fees of collection and he must singly and jointly turn over to the Funds said converted assets.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against the Defendants, all the Claims for Relief as follows:

(a) Order requiring Unified to permit and cooperate in an audit of its books and records by the Plaintiffs or its agents for the period of January 1, 2021, to date.

(b) Judgment against the defendants for any monies found due and owing as a result of the audit of Unified's books and records which shall include the principal amount due

    plus interest, liquidated damages, audit fees and reasonable attorney's fees and the cost of the audit as provided for in the C.B.A and/or Trust Indenture.

(c) Court costs and disbursements as stated in Plaintiff's Policy For Collection of Delinquent Contributions and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D) and the C.B.A.; and

(d) For such other and further relief as to the Court deems appropriate.

Dated: Hempstead, New York
       January 11, 2023

                        Respectfully submitted,

                        BARNES, IACCARINO, & SHEPHERD LLP

                        By:_____s/_____
                              Danielle M. Carney, Esq.
                              Attorneys for Plaintiffs
                              3 Surrey Lane
                              Hempstead, NY  11550
                              (516) 483-2990

===============================
PLEASE TAKE NOTICE

\_\_\_    that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on

\_\_\_    that an Order of which the within is a true copy will be presented for settlement to the Honorable     one of The Judges of the within named Court, at on

Dated:_____

=================================================
**BARNES, IACCARINO & SHEPHERD, LLP**

Attorney(s) for: Plaintiffs

=================================================
Pursuant to 22 NYCRR 130-I.I. the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the for contentions contained in the annexed document are not frivolous.

Dated:_____ _____
       Print Signer's Name

=================================================
**BARNES, IACCARINO & SHEPHERD, LLP**

Attorney(s) for Plaintiffs

To:

Attorney(s) for

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
======================================

TRUSTEES OF THE BUILDING TRADES EDUCATIONAL BENEFIT FUND, THE BUILDING TRADES ANNUITY BENEFIT FUND, BUILDING TRADES WELDARE BENEFIT FUND AND THE ELECTRICIAN'S RETIREMENT FUND,

                  Plaintiffs,

- against -

UNIFIED ELECTRIC and KENNETH D' ANNA , Individually, and KENNETH D'ANNA d/b/a UNIFIED ELECTRIC,

                  Defendants.

======================================

## COMPLAINT

======================================
**BARNES, IACCARINO & SHEPHERD, LLP**

Attorney(s) for Plaintiffs

    **3 Surrey Lane**
    **Hempstead, NY 11550**
    **(516) 483-2990**

======================================

TO:

Attorney(s) for

======================================
Service of a copy of the within

                Is hereby admitted
Dated:

_____